UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY SCOTT WHALEY,

    Plaintiff,

v.                                        Case No. 3:15cv214/RV/CJK

SUSAN MARY CARROLL, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, has filed a complaint asserting violations of his constitutional rights in state court child-support establishment and enforcement proceedings. (Doc. 1). Plaintiff's complaint was accompanied by a motion to proceed *in forma pauperis*. (Doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that this action should be dismissed for lack of subject matter jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is a resident of Gulf Breeze, Florida. Plaintiff is suing Susan Mary Carroll (the mother of his son); the Oneida County Wisconsin Court System; the State

of Wisconsin; Wisconsin Child Support Enforcement; and the District Attorney's Office of Oneida County, Wisconsin. (Doc. 1, p. 1). Plaintiff claims that the decisions made in his paternity case (Wisconsin state court Case No. 97-PA-63) concerning child support violate his constitutional rights, and that his felony conviction for failure to pay child support (Wisconsin state court Case No. 2012-CF-000045) was obtained in violation of his constitutional rights. (Doc. 1, pp. 1-4).[1] Plaintiff alleges, among other things, that the presiding judge relied on perjured testimony from Ms. Carroll in establishing and/or modifying plaintiff's child-support obligation; that court personnel put the wrong dates on paperwork, that the court continued Ms. Carroll's child support even after she "negligently transferred custody to a relative in the state of Missouri"; that plaintiff was unconstitutionally convicted (pursuant to his guilty plea) of failing to pay child support; and that judges and other persons in the Wisconsin state court system are biased against him. (*Id.*). As relief, plaintiff seeks $250,000,000.00 in damages and the following injunctive relief:

> Plaintiff is asking the court to please deal out Felony charges as where suitable. But more importantly, than any amount of money on this planet, I want a Federal Court Judge to sit down with my son, M.W.S. and explain when all this is over how the State of Wisconsin and his mother basically committed Kidnapping and Aided and abetted in Kidnapping.

(Doc. 1, p. 1). Plaintiff also requests that the court require the defendants to "Cease and Desist until the Federal Courts of the United States have finished their deliberations on Oneida County cases 97-PA-63 and 2012CF000045." (Doc. 1, p. 6).

---

[1] Specifically, plaintiff asserts claims of "illegally running a case out of jurisdiction, Unconstitutional Extradition, Illegal conviction, violation of the 5th, 6th and 8th amendments of United States Constitution, Illegal representation, Violations of the Uniform Child Custody Jurisdiction and Enforcement Act, Violations of the Uniform Interstate Family Support Act, Coercion by a court, [and] Representation by a state attorney in a civil case." (Doc. 1, p. 1).

*Case No: 3:15cv214/RV/CJK*

## DISCUSSION

Subject-matter jurisdiction is a threshold inquiry the court is required to consider before addressing the merits of any claim. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In addition, 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint

must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

The *Rooker-Feldman* doctrine[2] provides that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel*, 234 F.3d at 1172 (citations omitted). A claim is "inextricably intertwined" with the state court judgment "if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citations and quotation marks omitted).

This case satisfies all of the *Rooker-Feldman* criteria. Plaintiff's allegations establish that he was a party in the Wisconsin state court actions and that the state courts ruled in a way plaintiff found unfavorable. The state courts' actions resulted in final judgments prior to plaintiff's initiating this lawsuit. Plaintiff is complaining of injuries resulting from those judgments and is attempting to use this federal lawsuit

---

[2]*Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15, 75 L. Ed. 2d 206 (1983).

to (1) overturn the state court decisions concerning his child-support obligations and (2) attack the legality of his conviction for failing to pay child support (on the grounds that the State of Wisconsin's enforcement of the child support order(s) was illegal). Such collateral review of state court decisions is barred by the *Rooker-Feldman* doctrine. *See, e.g., Linge v. State of Ga., Inc.*, 569 F. App'x 895 (11th Cir. 2014) (holding that *Rooker-Feldman* doctrine barred plaintiff's action against the State of Georgia seeking to nullify plaintiff's 2011 conviction and sentence for abandonment based on plaintiff's failure to pay child support and seeking to prevent Georgia from collecting child support from plaintiff in the future); *Lawton v. Rosen*, 559 F. App'x 973 (11th Cir. 2014) (holding that *Rooker-Feldman* doctrine barred plaintiff's action against former wife, officials with Florida Supreme Court and officials with Florida and Ohio child support enforcement agencies wherein plaintiff claimed violations of various federal and state laws arising from the defendants seeking and enforcing a child-support order against him and requiring him to pay child-support arrears); *Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 345 (11th Cir. 2009) (holding that *Rooker-Feldman* doctrine barred plaintiff's § 1983 and Title VII cause of action against Georgia county judicial circuit, several judges and county's child support services, alleging civil rights violations related to plaintiff's divorce, child-custody arrangement, child-support obligations, and incarceration for failing to pay child support; action was explicit attempt to use federal courts to overturn Georgia state courts' decisions and to attack the legality of plaintiff's incarceration).[3]  This case must be dismissed for lack of subject matter jurisdiction. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)

---

[3] The undersigned cites *Linge*, *Lawton* and *Redford* only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

(recognizing that ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint, but that the district court need not allow amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). No reading of plaintiff's claims and of his request for relief could lead to any conclusion other than that he seeks to invoke federal jurisdiction to supervise, manage, and ultimately overturn completed state court proceedings. No conceivable basis for subject matter jurisdiction appears.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 13th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.